UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------- x
                                                             :

MS. SHAUNACEY WHARTON, pro se,     :

                          Plaintiff,        :        **SUMMARY ORDER**

                          -against-         :        08-CV-510 (DLI)(LB)

THE CITY OF NEW YORK, NEW YORK    :
CITY DEPARTMENT OF CORRECTION,   :
COMMISSIONER MARTIN F. HORN,        :
ASSISTANT CHIEF OF                              :
ADMINISTRATION PETER CURCIO,       :
ASSISTANT COMMISIONER OF              :
PERSONNEL ALAN VENGERSKY,          :
CORRECTION OFFICERS'                    :
BENEVOLENT ASSOCIATION,              :
KOEHLER & ISAACS, LLP, and              :
RICHARD KOEHLER,                         :
                                                             :
                          Defendants.    :
                                                             :
------------------------------------------------------- x

**DORA L. IRIZARRY, United States District Judge:**

        Plaintiff Shaunacey Wharton, proceeding *pro se*, brings this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) *et seq.*, and 42 U.S.C. § 1983 against defendants the City of New York, the New York City Department of Correction ("DOC"), Commissioner Martin F. Horn, Assistant Chief of Administration Peter Curcio, Assistant Commissioner of Personnel Alan Vengersky (collectively the "City Defendants"), the Correction Officers' Benevolent Association ("COBA"), Koehler & Isaacs, LLP, and Richard Koehler (collectively the "Koehler Defendants"). Plaintiff, formerly a probationary correction officer with the DOC, was fired after she was arrested for possession of narcotics, drug paraphernalia, and weapons. Plaintiff was acquitted of all of these charges, but the DOC refused to reinstate her.

Plaintiff alleges that her arrest was a pretense for her termination and that the real reason the DOC fired her was because she is an African-American female. Furthermore, plaintiff claims that she was denied unemployment insurance because Vengersky had informed the Department of Labor that she was fired due to her pending criminal charges and violations of department policy. Plaintiff contends that the alleged conduct violated her rights under Title VII, state law, as well as the Fourth, Fifth, and Sixth Amendments. Plaintiff's complaints against COBA and the Koehler Defendants arise from their refusals to assist her in seeking reinstatement. Defendants have moved to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(6) and 12(c). For the reasons set forth below, the motions are granted in their entirety.

I. **Federal Rules of Civil Procedure 12(b)(6) and 12(c) Standards**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a defendant may make a motion to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). On a motion to dismiss under Rule 12(b)(6), the court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. *See Dangler v. New York City Off Track Betting Corp.*, 193 F.3d 130, 138 (2d Cir. 1999). In *Bell Atlantic Corp. v. Twombly*, the Supreme Court retired the standard set forth half a century ago in *Conley v. Gibson*, that a complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," in favor of the requirement that plaintiff plead enough facts to "state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. 1955, 1968-69, 1974 (2007) (quoting *Conley*, 355 U.S. 41, 45-46 (1957)). Pursuant to *Twombly*, in order to be facially plausible, a complaint cannot make merely "a formulaic recitation of the elements of a cause of action," but must allege facts that "raise a right of relief above the speculative level on the

assumption that all allegations in the complaint are true (even if doubtful in fact)." 127 S. Ct. at 1964-65 (citations omitted). The Second Circuit has interpreted this language to "requir[e] a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible," rather than to mandate a "universal standard of heightened fact pleading." *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007).

For the purposes of this rule, the complaint is deemed to include writings and documents attached to it, referenced in it, or integral to it. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002); Fed. R. Civ. P. 10(c). A document is "integral" to the complaint if "the complaint relies heavily upon its terms and effects." *Chambers*, 282 F.3d at 153 (citations omitted). "A plaintiff's *reliance* on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document on a dismissal motion; mere notice or possession is not enough." *Id*. (emphasis in original).

A motion to dismiss under Rule 12(c) is governed by the same standards as a motion under Rule 12(b)(6). *Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir. 1999).

The court liberally reviews *pro se* submissions to raise the strongest arguments that they suggest. *Bennett v. Goord*, 343 F.3d 133, 137 (2d Cir. 2003) (internal quotation marks omitted).

**II.  Discussion**

All of plaintiff's claims except her Fifth Amendment claim under § 1983 can be dismissed out of hand. The court dismisses the Title VII claim since plaintiff has not exhausted her administrative remedies with the Equal Employment Opportunity Commission. *See Francis v. City of New York*, 235 F.3d 763, 768 (2d Cir. 2000). Plaintiff's § 1983 claims based on violations of only state law must also be dismissed as § 1983 only applies to the deprivation of

federal rights. *See Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005) (citing *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)). The court finds nothing in the complaint that even remotely touches upon plaintiff's Fourth and Sixth Amendments rights. Accordingly, these § 1983 claims are dismissed.

With respect to the alleged Fifth Amendment violation, it is conceivable that plaintiff is claiming she was fired from her job and deprived of her unemployment benefits in violation of her due-process rights. As a threshold matter, such claims would fail since the Fifth Amendment only applies to federal actors and here, none of the defendants are federal actors. In deference to plaintiff's *pro se* status, however, the court construes this § 1983 due-process challenge under the Fourteenth Amendment, which does apply to state actors.

Invoking the Fourteenth Amendment's Due Process Clause does not save this § 1983 claim. In order for plaintiff to state a claim under the Due Process Clause for the loss of public employment, she must show that she had a property right in that job. *See Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 569 (1972); *Horvath v. Westport Library Ass'n*, 362 F.3d 147, 151 (2d Cir. 2004) (citation omitted). An at-will public employee does not have such a property right. *Abramson v. Pataki*, 278 F.3d 93, 99 (2d Cir. 2002). Here, the letters of January 3 and 24, 2008, which plaintiff relied upon in her complaint, show that she was a probationary correction officer who could be fired without explanation. (City Defs.' Mot. to Dismiss, Ex. B.) Accordingly, she does not have a viable claim under the Due Process Clause.[1]

There are other independent grounds for dismissing the § 1983 claims. Plaintiff's claims against the City of New York and the DOC must be dismissed because under § 1983, to state a

---

[1] Because plaintiff does not have a cognizable property right in her lost job, her defamation claim against Vengersky for informing the Department of Labor as to why she was fired must also fail. *See Patterson v. City of Utica*, 370 F.3d 322, 329 (2d Cir. 2004) (explaining that a person's interest in her good reputation is not a liberty interest sufficient to invoke the protections of the Due Process Clause unless it is coupled with a more tangible interest such as a property right in public employment.).

claim against a municipality, plaintiff must allege that the employees of the municipality that deprived her of her federal rights were acting pursuant to municipal custom or policy. *See Zapata v. City of New York*, 502 F.3d 192, 194 n.2 (2d Cir. 2007) (citation omitted). Plaintiff has not made such an allegation. The action against Horn must be dismissed since the complaint does not allege that he was personally involved with the events at issue. *See Beck v. Hastings on Hudson Union Free School Dist.*, 365 F.3d 107, 122 (2d Cir. 2004) (citation omitted). The complaint does not advance any § 1983 claims against COBA or the Koehler Defendants, and even if it did, such claims must be dismissed because plaintiff has not alleged that these defendants were acting under the color of state law. *United States v. Giordano*, 442 F.3d 30, 42-43 (2d Cir. 2006) (citations omitted). Plaintiff has not alleged that Curcio did anything unlawful. The only action that plaintiff attributes to Curcio is that he sent a letter on January 3, 2008 to plaintiff explaining that she was fired because of her arrest. (Compl. ¶¶ 2, 3, 12.) There is no allegation that Curcio had any part in the decision to fire her or informing the Department of Labor as to why she was fired.

In sum, plaintiff has failed to state a cognizable Title VII or § 1983 claim. With respect to the former, she did not exhaust her administrative remedies. With respect to the latter, she has not established a depravation of a federal right. Accordingly, the court dismisses this lawsuit in its entirety.

SO ORDERED.

Dated: Brooklyn, New York
    March 13, 2009

/s/
DORA L. IRIZARRY
United States District Judge